DREW, Justice
(dissenting).
The diversity of views evidenced by the opinions of the three district judges in the *618 lower court indicate the difficulty of this question. In the light of the factual situation in the trial court and the fact that there are four other qualified judges of the Criminal Court of Record of Dade County, I am persuaded that the better view is that expressed in the dissenting opinion prepared by Mr. Justice Roberts. I therefore concur in that dissent.
The disposition of motions to disqualify a judge requires not only an examination and evaluation of the record to establish the legal sufficiency of the motions and affidavits, but also involves the exercise of an unusually high degree of judicial discretion. I think this is a situation where even though the affidavits and motions might be deficient, a refusal to disqualify oneself under the circumstances constitutes an abuse of such discretion. I would have no difficulty in disposing of this case on that theory. It is as important for people including the State to feel that they have a fair and impartial trial as for them to actually have such a trial.
Most of the trial courts in this state are courts having multiple judges. This was not true a few decades ago when many of the decisions involving disqualification were written. It is a simple matter now for judges to recuse themselves in many cases where there is actually no legal disqualification but where there might be, for varying reasons, suspicion or circumstances which might indicate the possibility of a lack of complete impartiality and disinterest. When those situations arise, the proper exercise of judicial discretion requires, in my judgment, that the judge so certify to the presiding judge so that another judge may be assigned.
Since the majority has reached a contrary view, I must dissent.
ROBERTS and THORNAL, JJ., concur.